UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

KAREN CLEAVER-BASCOMBE,
Plaintiff-Appellant,

v.

WILLIAM M. DALEY, Secretary of
Commerce,
Defendant-Appellee.

No. 00-1937

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Thomas Rawles Jones, Jr., Magistrate Judge.
(CA-99-389-A)

Argued: April 4, 2001

Decided: May 29, 2001

Before WILKINSON, Chief Judge, and LUTTIG and
GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

COUNSEL

**ARGUED:** Thomas Joseph Mack, DISTRICT OF COLUMBIA
SCHOOL OF LAW, Washington, D.C., for Appellant. Leslie Bonner
McClendon, Assistant United States Attorney, Alexandria, Virginia,
for Appellee. **ON BRIEF:** Mary Anna Gnadt, Fairfax, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, Alexandria, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

This case requires us to decide if the magistrate judge properly dismissed plaintiff's claims arising out of her termination by the U.S. Patent and Trademark Office (PTO). Finding no error, we affirm.

Plaintiff Karen Cleaver-Bascombe, a black female, was hired on May 28, 1996 as an attorney with the PTO. She was initially assigned to work under Karen Bush, a senior PTO attorney. In November 1996, however, plaintiff was reassigned to another senior attorney, John Demos.

On May 14, 1997, plaintiff filed a formal complaint with the PTO's Equal Employment Opportunity (EEO) office, alleging disparate training, harassment, and threatened termination. That same day, the PTO decided to terminate plaintiff because of the poor quality of her work. On May 15, 1997, the PTO informed plaintiff that she would be terminated effective May 23. On May 21, however, Assistant Commissioner for Trademarks Philip Hampton attempted to rescind plaintiff's discharge. This effort was overruled by PTO Commissioner Bruce Lehman.

On June 26, 1997, the EEO office notified plaintiff that her May 14 complaint had been accepted for investigation. The EEO's letter listed discrimination with regard to training, discriminatory denial of partial signatory authority, and hostile work environment as the three issues accepted for investigation. The letter did not mention any claims regarding discriminatory termination. It did, however, direct plaintiff to contact the EEO office within fifteen days if the issues were not correctly identified. On July 8, 1997, plaintiff requested that her complaint be amended to include discriminatory termination. On July 11, the office denied this request because then applicable federal regulations required all allegations of discrimination to be brought

2

first to the attention of an EEO counselor. See 29 C.F.R. § 1614.105(a) (1992). The letter informed plaintiff that she could clear this procedural hurdle simply by filing a second complaint within 45 days of the date she first suspected that the discharge was discriminatory. Plaintiff never filed a second complaint.

Plaintiff instead chose to file a seven count suit in federal court, only four of which still remain. Count I alleged that Karen Bush failed to provide plaintiff the same quality and quantity of training afforded to plaintiff's similarly situated white, male counterparts. Counts II and IV alleged that plaintiff was terminated because of her race and gender and in retaliation for complaining to the PTO's EEO office. Count VII alleged that plaintiff's termination violated the Administrative Procedures Act (APA), 5 U.S.C. § 701 et seq., because proper notice was not given.

The magistrate judge dismissed all four counts. With respect to Count I, the judge noted that this complaint was directed solely at Karen Bush. He also noted that plaintiff was transferred from Bush to Demos in November 1996, five months before plaintiff first contacted the PTO's EEO office. Federal regulations required that a complaint of discrimination be filed with the agency's EEO office within 45 days of the discriminatory action. See 29 C.F.R. § 1614.105(a)(1) (1992). Because plaintiff had almost no contact with Bush after the transfer, the magistrate judge concluded that the last discriminatory act could not have occurred after November 1996. Thus, plaintiff's EEO complaint was deemed untimely because it was not filed within 45 days of the last discriminatory act. According to the magistrate judge, plaintiffs who fail to file a timely complaint, and thus fail to exhaust their administrative remedies, cannot maintain an action in federal court. Accordingly, the court granted summary judgment to the PTO on Count I.

Counts II and IV alleged discriminatory termination based on race and gender, respectively. According to the magistrate judge, the same 45 day regulation that barred plaintiff's discriminatory training claim also governed her termination claims. Thus, plaintiff needed to have filed a complaint regarding her termination within 45 days of when she first suspected that her termination was discriminatory. Plaintiff did not do this. Although plaintiff attempted to amend her May 14

3

complaint to add the termination issue, she was promptly informed that the regulations did not allow this. Plaintiff was told that she would have to file a new complaint within the 45 day window and was given the name of the person to contact. According to the magistrate judge, plaintiff never filed a second complaint and therefore failed to exhaust her administrative remedies. Thus, the magistrate judge granted summary judgment to the PTO on Counts II and IV.*

The final count, Count VII, alleged that the manner in which the PTO terminated plaintiff violated its own policies and, therefore, the APA. Plaintiff conceded that during her first year of employment she could be terminated without notice and without any right of appeal. She further conceded that on May 15, 1997, she received notice of the decision to terminate her effective May 23, 1997-- four days before the end of her first year of service. Plaintiff contended, however, that Assistant Commissioner for Trademarks Hampton rescinded the termination before May 23 and thus the decision never became effective. And although the recission was later overruled, plaintiff claimed this did not happen until after she had completed one year of service. Plaintiff therefore claimed that the agency illegally denied her the procedural protections afforded second year PTO attorneys.

The magistrate judge rejected this claim on the grounds that Hampton's decision to rescind plaintiff's termination was ultra vires. After examining the agency's internal administrative documents, the court held that the Assistant Commissioner for Trademarks did not have the authority to make binding personnel decisions for the PTO. Moreover, the PTO's Director of Human Resources stated that "[a]t no time after May 14, 1997, did I rescind or modify the decision to discharge [plaintiff] effective May 23, 1997, during her trial period." Thus, the magistrate judge concluded that plaintiff's termination was never officially rescinded but rather became effective four days before her first year was completed. The magistrate judge further held, and plaintiff does not dispute this, that the PTO acted in accor-

_____
*The magistrate judge also held, in the alternative, that the PTO had legitimate, non-discriminatory quality of work reasons for terminating plaintiff. Because we agree that plaintiff failed to exhaust her administrative remedies, we need not address the merits of plaintiff's discriminatory discharge claims.

4

dance with the procedures for terminating first year attorneys as set forth in the Civil Service Reform Act (CSRA). Because the PTO acted in accordance with the CSRA, the magistrate judge concluded that circuit precedent precluded plaintiff from obtaining judicial review of the PTO's decision. See Pinar v. Dole, 747 F.2d 899, 913 (4th Cir. 1984). Accordingly, the magistrate judge granted the PTO's 12(b)(1) motion to dismiss Count VII.

Having had the benefit of oral argument and the parties' briefs, we conclude that the magistrate judge correctly dismissed plaintiff's claims. Accordingly, we affirm on the reasoning of the judge's careful opinion in this case.

AFFIRMED

5